## Ex parte Robert C. Patty.

Chancery Clerk. *Fees. Ex officio allowance.*
　Under the Code of 1857, the clerks of the Chancery Courts were not entitled to any allowance for *ex officio* services in such courts; and the only extra allowance which the Code of 1871 authorized to be made to chancery clerks was for

services as clerks of the boards of supervisors. The act of March 6, 1875, revising the fees of officers, omitted this allowance for services to the boards of supervisors; and the act of July 31, 1875, which provided that "clerks of the Chancery Courts shall receive the same compensation for *ex officio* services as was allowed prior to 1st of January, 1875," only revived the right of such clerks to receive the allowance from the boards of supervisors, authorized by sect. 1361 of the Code of 1871.

APPEAL from the Chancery Court of Noxubee County.

Hon. L. BRAME, Chancellor.

The case is stated in the opinion of the court.

*Jarnagin & Jarnagin*, for the appellant.

The appellant was entitled to the allowance sought by his motion. Code 1857, pp. 143, 144; Acts 1870, p. 55; Acts 1875 (Gen. Sess.), p. 142; Acts 1875 (Spec. Sess.), p. 25.

*T. C. Catchings*, Attorney-General, *contra*.

The Code of 1857 did not allow any extra compensation to chancery clerks. The only allowance authorized to such clerks by subsequent statutes was for services to the boards of supervisors. Code 1871, sect. 1361; Acts 1875 (Spec. Sess.), p. 25.

CHALMERS, J., delivered the opinion of the court.

The relator, as clerk of the Chancery Court of Noxubee County, moved in said court for an allowance to himself of the sum of $100 for *ex officio* services for two years, being $50 for each year; which motion was overruled. By the fee-bill of the Code of 1857, the Circuit Courts were authorized to make such allowances to the circuit clerks, upon the presentation of detailed fee-bills, approved by the district attorney; but, although the clerks of the Chancery Courts were declared entitled, " for all other services (after the specification of some of their services), to the same fees as are allowed clerks of Circuit Courts for similar services," this did not entitle them to the *ex officio* allowance of $50 per annum. The two courts were at that time blended into one, with but one clerk and one judge. Because the State paid no costs in State cases, there was allowed the clerk in the Circuit Court, upon

the approval of the district attorney, the extra sum of $50 per annum, to recompense to that extent his services in such cases. "The similar services" rendered in the Chancery Court could not, of course, apply to criminal prosecutions, but referred only to fees to be charged against litigants for services not specified in that portion of the act in relation to the Chancery Courts, but which were fully set forth in the more elaborate summary of clerical duties in that portion relating to the Circuit Courts. The law-giver enumerated a few only of the duties and fees prescribed for chancery clerks, and referred, as to all others, to those provided for circuit clerks. This did not embrace the extra allowance of $50 per annum, to be granted on the approval of the district attorney, in the Circuit Court.

By sect. 1361 of the Code of 1871, the several boards of supervisors were authorized to make to the chancery clerks an annual allowance of $50, and also the compensation of $3 per day for their services in those tribunals.

In the act of March 6, 1875, by which the fees of all officers were revised and established, this authorization to the boards of supervisors to make such allowances was omitted (Acts Reg. Sess. 1875, p. 137); but by the act of July 31, 1875 (Acts Spec. Sess., p. 25), it was declared that "clerks of the Chancery Courts, and sheriffs, shall receive the same compensation for *ex officio* services as was allowed prior to 1st of January, 1875." So far as chancery clerks are concerned, this revived only their right to receive allowances from the boards of supervisors, since this was the only compensation for *ex officio* services to which they were entitled by law prior to the 1st of January, 1875.

Judgment affirmed.